UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.A. BESTEMAN COMPANY,

        Plaintiff,

v.

        File No.  1:06-CV-425

        HON. ROBERT HOLMES BELL

CARTER'S, INC.,

        Defendant.
        _____/

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff J.A. Besteman Company's Emergency Motion for Entry of Order Based on Magistrate Judge's Recommendation (Docket #13). Plaintiff brought this civil action under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a, *et seq*, seeking recovery of $940,916.73 for perishable commodities purchased by Defendant Carter's Inc. but not paid for and to enforce its PACA trust on the assets of Carter's Inc.  Following the entry of a temporary restraining order by this Court, the parties filed a proposed consent decree pursuant to which (1) judgment would be entered against Carter's Inc. in the amount of $940,916.73, (2) the temporary restraining order would remain in effect, (3) individual Defendants William R. Harcourt and Thomas V. Robinson were dismissed, and (4) an evidentiary hearing would be held to determine the scope of plaintiff's PACA trust over Defendant's assets.  The Court entered an order granting

the consent decree and setting an evidentiary hearing before the Magistrate Judge. Docket #10.

The Magistrate Judge conducted the evidentiary hearing on July 5, 2006. J.A. Besteman Company appeared and presented testimony of its comptroller and president. Carter's Inc. did not appear at the hearing. Following the hearing, on July 7, 2006, the Magistrate Judge issued a Report and Recommendation recommending that (1) the Court declare that J.A. Besteman Company's PACA trust extends to all real and personal assets of Carter's Inc., and (2) the Court enter an order requiring Carter's Inc. to immediately pay into the treasury of the Court, for the benefit of J.A. Besteman Company, any and all proceeds from any sale or other disposition of any of its real or personal property. Pursuant to 28 U.S.C. § 636(b)(1)(C), the Magistrate Judge provided notice to the parties that any objections to the Report and Recommendation were to be filed within ten days of service of the Report and Recommendation.

Now before the Court, J.A. Besteman Company requests that the Court conduct expedited review of the Report and Recommendation, ahead of the deadline for filing objections, and enter an order consistent with the Magistrate Judge's recommendation. As officers of the Court, J.A. Besteman Company's counsel indicated in their filings that, as of July 7, 2006, Carter's Inc. is no longer in operation. Further, J.A. Besteman Company states, "[i]t is unclear what action Carter's Inc. is taking or will take, including bankruptcy, or as to what will happen to its assets impressed with Besteman's PACA trust." Pl.'s Br. at 2 (Docket

#14). Clearly, time is of the essence in this matter. Given the precarious situation presented in this case, the Court has conducted an expedited, yet careful, review of the Magistrate Judge's Report and Recommendation. *See McGill v. Goff*, 17 F.3d 729 (5th Cir. 1994) (holding that district court's adoption of the magistrate judge's report and recommendation one day after issuance did not constitute reversible error where district court conducted a meaningful review of the report and recommendation), *overruled on other grounds Kansa Reins. Corp. v. Congressional Mortgage Co.*, 20 F.3d 1362, 1373-74 (5th Cir. 1994). The Court finds that the Magistrate Judge properly analyzed the issue of the scope of the PACA trust and properly concluded that the entry of an order of segregation to prevent dissipation of the trust fund assets was appropriate. Accordingly, the Court approves and adopts the Magistrate Judge's Report and Recommendation as the opinion of this Court.

**IT IS HEREBY ORDERED** that Plaintiff J.A. Besteman Company's Emergency Motion for Entry of Order Based on Magistrate Judge's Recommendation (Docket #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's July 7, 2006 Report and Recommendation is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Carter's Inc. is permitted to pay its State of Michigan lottery trust obligations.

Date:     July 12, 2006            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE